IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DONNA MULLINS | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 18-CV-630-SMY-DGW |
| ROSS STORES, INC., Individually and d/b/a ROSS DRESS FOR LESS, INC., and ROSS DRESS FOR LESS, INC., | ) ) ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Pursuant to the Court's obligation to raise *sua sponte* whether it has subject matter jurisdiction, (*Craig v. Ontario Corp.,* 543 F.3d 872, 875 (7th Cir. 2008)), and having reviewed the Notice of Removal in this case (Doc. 1), the Court finds that Defendants insufficiently pleaded diversity jurisdiction. Accordingly, this matter is **REMANDED** to the Circuit Court of Jackson County, Illinois.

Plaintiff Donna Mullins filed suit against Defendants Ross Stores, Inc. and Ross Dress for Less, Inc. on January 30, 2018, alleging she sustained personal injuries after a slip and fall on Defendants' premises. The lawsuit was originally filed in the Circuit Court of Jackson County, Illinois. Defendants removed the action to this Court, alleging federal subject matter jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332.

A civil action may be removed to federal court if the district court has original jurisdiction. 28 U.S.C. § 1441. Courts have original jurisdiction over civil actions if there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive

of interest and costs.  Jurisdiction depends on the amount in controversy when the federal suit began.  *Meridian Sec. Ins. v. Sandowski*, 441 F.3d 536, 538 (7th Cir. 2006).  The amount in controversy stated in the plaintiff's Complaint generally controls, unless it is legally impossible.  *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 815 (7th Cir. 2006).  If the Complaint does not establish the amount in controversy, the party invoking federal jurisdiction can use other evidence.  *Meridian*, 441 F.3d at 541-42; *Chase v. Shop N' Save Warehouse Foods, Inc.*, 110 F.3d 424, 427-28 (7th Cir. 1997).

Jurisdictional facts must be established by a preponderance of the evidence.  *Meridian*, 441 F.3d at 540.  The burden of establishing federal jurisdiction falls on the party seeking removal, and must be premised on "what the plaintiff hopes to get out of the litigation."  *Brill v. Countrywide Home Loans, Inc.,* 427 F.3d 446, 449 (7th Cir. 2005) ("[P]art of the removing party's burden is to show not only what the stakes of the litigation *could be,* but also what they *are* given the plaintiff's actual demands.").  The removal statute is construed narrowly, and any doubts regarding jurisdiction are resolved in favor of remand.  *Doe v. Allied–Signal, Inc.,* 985 F.2d 908, 911 (7th Cir. 1993).  If the district court lacks subject matter jurisdiction, the action must be remanded to state court pursuant to 28 U.S.C. § 1447(c).  *Id*.

In this case, Plaintiff's Complaint requests judgment "in excess of $50,000.00, plus cost of suit" (Doc. 1-1).  Defendants assert that the amount in controversy exceeds $75,000 "on information and belief" based on Plaintiff's allegations that she sustained permanent injuries and will "continue to endure pain suffering and loss of normal life, has incurred and will continue to incur medical expenses" and lost wages (Doc. 1, p. 2).  But these allegations are insufficient to establish the amount in controversy.

Because Defendants have not provided the Court with any competent evidence indicating that the amount in controversy actually exceeds $75,000, they have failed to meet their burden to provide the Court with a plausible basis for concluding that the amount in controversy exceeds the jurisdictional requirement.  *See McMillian v. Sheraton Chi. Hotel & Towers*, 567 F.3d 839, 844–45 (7th Cir. 2009) (finding claims for "future medical expenses" and "pain and suffering" could not account for jurisdictional shortfall without competent proof).  Moreover, Defendants allege Plaintiff's residency and the amount in controversy based upon information and belief.  It is well settled that jurisdictional allegations based upon information and belief are insufficient to establish federal subject matter jurisdiction.  *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (per curiam).  For these reasons, this Court does not have proper subject matter jurisdiction over this matter and is obligated, pursuant to 28 U.S.C. § 1447(c), to **REMAND** the case to the Circuit Court of Jackson County, Illinois.

**IT IS SO ORDERED.**

**DATED:  May 4, 2018**

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**